UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. GONZALES,<br><br>          Plaintiff,<br><br>     v.<br><br>ROBERT KORANDA, et al.,<br><br>          Defendants. | No. 2: 22-cv-1345 KJM KJN P<br><br><br><br>ORDER |

      Plaintiff is a state prisoner, proceeding pro se. On July 26, 2022, this action was transferred to this court by the United States District Court for the Northern District of California.

      Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments

of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

*Defendants*

Named as defendants are Board of Parole Hearings ("BPH") psychologist Dr. Koranda, BPH staff attorney Lutz, BPH and the California Department of Corrections and Rehabilitation ("CDCR").

*Claim One*

In claim, plaintiff alleges that defendant Koranda interviewed plaintiff to determine plaintiff's risk assessment for his upcoming parole suitability hearing.  During the interview, defendant Koranda asked plaintiff what types of self-help programs he participated in.  Plaintiff told defendant Koranda that he participated in religious, i.e., faith-based, programs through CDCR to address the circumstances of his crimes since 1998.  Defendant Koranda told plaintiff that he did not count faith-based programs as self-help or rehabilitation.  For these reasons, defendant Koranda refused to count plaintiff's Christian faith-based programs as self-help and did not credit plaintiff with participating in self-help programming.  Defendant Koranda wrote that plaintiff had not participated in self-help programming throughout most of his CDCR term.  Plaintiff contends that defendant Koranda's failure to credit his participation in faith-based programs as self-help and/or rehabilitation violated his First Amendment rights.

Plaintiff states a potentially colorable First Amendment claim against defendant Koranda.

*Claims 2-6*

In claims two through six, plaintiff appears to claim violations of his right to due process based on alleged errors in his Comprehensive Risk Assessment ("CRA") prepared in anticipation of his parole suitability hearing.

In claim two, plaintiff alleges that in determining plaintiff's risk assessment for his upcoming parole suitability hearing, defendant Koranda failed to consider that CDCR classified

plaintiff as a "low risk" to incur a felony within the first three years on parole under the California Static Risk Assessment ("CSRA"). Plaintiff contends that defendant Koranda failed to consider that CDCR awarded plaintiff "Extraordinary Conduct Credit" due to plaintiff's having provided exceptional assistance in maintaining the safety and security of a prison. Plaintiff also contends that defendant Koranda failed to consider the use of special conditions under which plaintiff may safely be released to the community. Plaintiff alleges that defendant Koranda's failure to consider these factors when evaluating plaintiff's risk of violence denied plaintiff the opportunity to be heard in a meaningful manner.

In claim three, plaintiff alleges that in late April or early May 2022, plaintiff filed objections to the risk assessment because it wrongly stated that plaintiff had been convicted of grand theft. Plaintiff alleges that defendant Lutz refused to correct this error.

In claim four, plaintiff alleges that in late April or early May 2022, plaintiff filed objections to the risk assessment due to plaintiff's belief that it contained a factual error regarding how many victims were involved in his commitment offense. Plaintiff alleges that defendant Lutz refused to correct this error.

In claim five, plaintiff alleges that in late April or May of 2022, defendant Koranda interviewed him for his upcoming parole suitability hearing. Defendant Koranda told plaintiff that plaintiff's rule violation reports that were issued prior to plaintiff's 2019 parole consultation would be considered to determine his risk of violence and ultimately his suitability for parole. Plaintiff filed an appeal with the BPH arguing that the use of the rules violation reports prior to his 2019 consultation violated due process because it did not give plaintiff fair notice to present information that may affect the decision of the parole hearing. The BPH denied the appeal.

In claim six, plaintiff alleges that in March 2022, defendant Koranda interviewed him for his upcoming parole hearing. During the interview, defendant Koranda used two crimes plaintiff was never convicted of to determine plaintiff's risk of violence and his parole suitability. Plaintiff filed an appeal stating that the BPH should not use his arrests that did not result in convictions to determine his parole suitability. The BPH denied the appeal.

////

Prisoners do not have a federal Constitutional right to be conditionally released before the expiration of a valid sentence. Swarthout v. Cooke, 562 U.S. 216, 220 (2011). California, however, has statutorily created a liberty interest in parole which is subject to due process protections. Id. "In the context of parole, we have held that the procedures required are minimal ... [and require only] an opportunity to be heard and .. a statement of the reasons why parole was denied." Id. In Swarthout, the Supreme Court put an end to federal habeas review of individual California parole denials for insufficiency of the evidence. Id. at 862-63.

For the reasons stated herein, the undersigned finds that Johnson v. Shaffer, 2:12-cv-1059 KJM AC P, clarifies that plaintiff's due process claims based on alleged errors in his CRA are not cognizable.[1]

In Johnson v. Shaffer, 2:12-cv-1059 KJM AC P, a class action lawsuit, plaintiff challenged the constitutionality of the protocol adopted by the Board of Parole Hearings' Forensic Assessment Division ("the FAD protocol") for the preparation of psychological evaluations to be considered in determining prisoners' suitability for parole. 2:12-cv-1059 at ECF No. 62 at 1-2. "The gravamen of the complaint is that 'the FAD protocols were adopted (and operate) to create an evidentiary basis for the denial of parole by generating unreliable future dangerousness findings, rendering the suitability evaluation process biased and inherently unreliable.'" 2:12-cv-1059 at ECF No. 62 at 2. The district court found that plaintiff's claims alleging *systemic* bias in the parole decision making process, including claims that defendants deliberately used unreliable, biased evidence, including FAD reports riddled with errors, to ensure that parole was denied, stated a potentially colorable due process claim. 2:12-cv-1059 at ECF No. 62 at 12-19. The district court found that Swarthout, supra, did not preclude plaintiff's systemic bias claim. 2:12-cv-1059 at ECF No. 62 at 18-19, adopted May 15, 2015 (ECF No. 68).

On May 27, 2016, the procedures for objecting to factual errors in a CRA were addressed as part of the settlement agreement in Johnson v. Shaffer. 2:12-cv-1059 at ECF No. 167. As part of the settlement agreement approved by the court, every class member receives a new

---

[1] The undersigned takes judicial notice of the orders filed in Johnson v. Shaffer, 2: 12-cv-1059 KJM AC P. Fed. R. Civ. P. 201(b).

5

1   CRA every 3 years prepared in advance of parole hearings scheduled on or after June 1, 2016.
2   2:12-cv-1059 at ECF No. 167 at 2.  The BPH is required to enact regulations establishing a
3   procedure for inmates to object to factual errors in their CRA and a written response to be
4   received prior to their parole consideration hearing.  2:12-cv-1059 at ECF No. 167 at 5.

5      In an order dismissing the original complaint filed in Johnson v. Shaffer with leave to
6   amend, Magistrate Judge Hollows found that to the extent plaintiff attempted to avoid Swarthout
7   by stating that the psychological assessment in his case was flawed, plaintiff essentially
8   challenged the "some evidence" relied on by the BPH, which remained foreclosed by Swarthout.
9   2:12-cv-1059 at ECF No. 17 at 8.

10     Plaintiff's claims 2-6 appear to allege errors in his CRA.  Plaintiff alleges that he filed
11  objections based on the alleged errors in his CRA.  Plaintiff does not allege that his due process
12  rights, as set forth in Swarthout, supra, were violated.  For these reasons, the undersigned finds
13  that plaintiff's claims challenging alleged factual errors in his CRA are foreclosed by Swarthout.
14  Accordingly, claims 2-6 are dismissed.

15     To the extent claims 2-6 challenge evidence considered by the BPH in plaintiff's parole
16  suitability hearing that was not included in the CRA, these claims are also foreclosed by
17  Swarthout.

18  *Defendants CDCR and BPH*

19     For the reasons stated herein, the undersigned finds that plaintiff's claims against
20  defendants CDCR and BPH are barred by the Eleventh Amendment.

21     "The Eleventh Amendment bars suits for money damages in federal court against a state,
22  its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public
23  Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  Indeed, the Eleventh Amendment prohibits federal
24  courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against
25  a state and its agencies (such as CDCR and BPH) absent "a waiver by the state or a valid
26  congressional override ...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The
27  Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an
28  arm of the state,' its instrumentalities, or its agencies." Fireman's Fund Ins. Co. v. City of Lodi,

6

Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court ...." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). As CDCR and BPH are state agencies, they are immune from suit under the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (holding that Eleventh Amendment immunity extends to state agencies.)

*Conclusion*

Plaintiff may proceed forthwith to serve defendant Koranda and pursue claim one against only that defendant or he may delay serving any defendant and attempt to amend his complaint.

If plaintiff elects to attempt to amend his complaint, he has thirty days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant Koranda, against whom he has stated a potentially cognizable claim for relief, he shall return the attached notice within thirty days. Following receipt of that notice, the court will order service of defendant Koranda.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act

he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are

not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims 2-6, including defendants CDCR and BPH, are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state a cognizable claim against defendant Koranda. See 28 U.S.C. § 1915A. If plaintiff opts to proceed on his original complaint as to defendant Koranda, he shall return the attached notice within thirty days of service of this order.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: January 9, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Gon1345.14
kc

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. GONZALES,<br><br>          Plaintiff,<br><br>     v.<br><br>ROBERT KORANDA, et al.,<br><br>          Defendants. | No.  2: 22-cv-1345 KJM KJN P<br><br><br>NOTICE |

_____     Plaintiff opts to proceed with the original complaint as to claim one against defendant Koranda.
     Plaintiff consents to the dismissal of claims 2-6, including defendants CDCR and BPH, without prejudice.  _____

OR

_____ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
Plaintiff

1